**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | |
| v.  ) | **CRIMINAL NO. 11-110-07-JBD** |
| ) | |
| ) | |
| **HURIE BODYE** ) | |
| a.k.a. "Big Boy," ) | |
| a.k.a. "Sean," ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S OPPOSITION TO THE DEFENDANT'S MOTION FOR A PRE-TRIAL DETERMINATION ON THE ADMISSIBILITY OF ALLEGED CO-CONSPIRATOR STATEMENTS**

The United States of America, by and through its undersigned attorney, hereby opposes Defendant's Motion for a Pretrial Determination on the Admissibility of Alleged Co-conspirator Statements. The government respectfully requests that the Court deny Defendant's motion permit the government to prove the conspiracy at trial before ruling on the admissibility of co-conspirator statements.

**PROCEDURAL HISTORY**

On November 8, 2013, a Grand Jury sitting in the United States Court for the District of Columbia returned a two-count, Second Superseding Indictment against Hurie Bodye, also known as "Big Boy" and "Sean." Count One charges the defendant with conspiracy to distribute and possess with intent to distribute, five kilograms or more of cocaine on board an aircraft registered in the United States in violation of 21 U.S.C. §§ 959(b), 960(b)(1)(B)(ii), 963, and 18 U.S.C. § 2. Count Two charges that on or about May 22, 2010, the defendant did possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 959(b),

960(b)(1)(B)(ii) and 18 U.S.C. § 2.  On December 14, 2015 the defendant filed a motion to request a pretrial hearing to determine the admissibility of co-conspirator statements.  The Government now responds.

## ARGUMENT

**I.      Co-Conspirator Statements are Admissible at Trial**

Under Federal Rule of Evidence 801(d)(2)(E), statements made by a co-conspirator during the course and in furtherance of a conspiracy are not hearsay.  Specifically the rule provides that a statement is not hearsay if it "is offered against an opposing party and . . . was made by the party's coconspirator during and in furtherance of the conspiracy."  Fed. R. Evid. 801(d)(2)(E).  "Before admitting a coconspirator statement, the court must determine that the government proved by a preponderance of evidence that a conspiracy existed, the defendant and the declarant were involved in the conspiracy, the statement was made during the course of the conspiracy, and the statement was made in furtherance of the conspiracy.  *Bourjaily v. United States*, 483 U.S. 171, 175-76 (1987) ("when preliminary facts relevant to Rule 801(d)(2)(E) are disputed, the offering party must prove them by the preponderance of the evidence"); *United States v. Gewin,* 471 F.3d 197, 201 (D.C. Cir. 2006); *United States v. Loza*, 763 F. Supp. 2d 108, 111 (D.D.C. 2011) (Friedman, J.).

The D.C. Circuit also requires the government to offer independent evidence of the conspiracy apart from the statement; however, the content of the statement itself can also be considered in determining whether independent evidence exists.  *See Gewin,* 471 F.3d at 201.  The court must make the necessary factual findings relevant to admissibility before a statement is admitted unconditionally into evidence pursuant to Rule 801(d)(2)(E).  The court, however, is permitted to make those findings after the government presents its evidence to the jury.  *Loza*,

763 F. Supp. 2d at 112. *See also Gewin*, 471 F.3d at 201. ("[a] court can preliminarily admit hearsay statements of co-conspirators, subject to connection through proof of conspiracy.").

II.     **The Court Should Follow this District's Routine Practice of Admitting Co-Conspirator Statements Subject to Connection at Trial**

Courts may admit co-conspirator statements conditionally, "subject to connection" at the close of the government's case. *See United States v. Brockenborrough*, 575 F.3d 726, 735 (D.C. Cir. 2009); *Loza*, 763 F. Supp. 2d at 112; *United States v. Brodie,* 326 F. Supp. 2d 83, 89-90 (D.D.C. 2004) (Huvelle, J.). Fed. R. Evid. 104(b) expressly provides that "[w]hen the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition." *Accord Brodie*, 326 F. Supp. 2d at 89 (citing Rule 104(b) in denying the defense motion for a pretrial hearing on the admissibility of co-conspirator statements). The Defendant notes that the D.C. Circuit has acknowledged it is "better practice" for the court to determine the admissibility of co-conspirator statements before they are presented to the jury. *United States v. Jackson*, 627 F.2d 1198, 1218 (D.C. Cir. 1980). The court in *Jackson*, however, also asserted that "it is just impractical in many cases for a court to comply strictly with the preferred order of proof." *Id.* The court further clarified that district courts have "no obligation" to conduct a "mini-trial" before trial to determine the existence of the conspiracy. *Id.* at 1219. Rather, district courts are "vested with considerable discretion to admit particular items of evidence 'subject to connection." *Id.* at 1218 (citing *United States v. Vaught*, 485 F.2d 320, 323 (4th Cir. 1973)).

The routine practice in this district is to admit co-conspirator statements subject to connection. Given this common practice, courts in this jurisdiction frequently deny motions for

pretrial hearings on the admissibility of coconspirator statements.  For example, the size and complexity of conspiracies, particularly ones involving large number of witnesses and lengthy testimony, disapprove holding preliminary hearings regarding co-conspirator testimony.  *See Brodie*, 326 F. Supp. 2d at 90 (noting the large number of overt acts and witnesses to explain why a preliminary hearing would be "immensely time-consuming and would unnecessarily delay the trial").  Many courts have cautioned against pre-trial hearings because they amount to time consuming "mini-trials." *United States v. Edelin*, 128 F. Supp. 2d 23, 45-46 (D.D.C. 2001) (Lamberth, C.J.) (equating the defendant's request for advance determination of conspiracy as "essentially requesting a mini-trial prior to the trial in this case"); *United States v. Hsin-Yung*, 97 F. Supp. 2d 24, 37 (D.D.C. 2000) (rejecting the defense request for pretrial determination regarding admissibility of co-conspirator statements to avoid "a time consuming mini-trial before the trial").  In addition, the burden placed on the government to produce the witnesses for these pre-trial hearings creates further support for why these pre-trial hearings are unnecessary.  *See Hsin-Yung*, 97 F. Supp. 2d at 37 ("However, '[g]iven the myriad of difficulties that surround the availability of witnesses, it is just impractical in many cases for a court to comply strictly with the preferred order of proof.'") (quoting *Jackson*, 627 F.2d at 1218).  This is especially concerning in a case, as here, where several witnesses are foreign nationals and located outside of the United States.

     Given the preferred practice in this district, the government submits that Defendant has not provided any reason for departing from established precedent.  The Defendant merely contends he was not a member of the conspiracy.  The government proffers that it will prove the existence of a conspiracy and the "connection" necessary to admit co-conspirator statements during trial.  The government is confident that it will meet its burden of proving admissibility.  If

4

the government fails to prove the necessary factual predicate for admissibility, "the court may either declare a mistrial or strike and instruct the jury to disregard any admissible statements." *Loza*, 763 F. 2d at 112.  Here, as in any trial involving co-conspirator statements, the government bears that risk.

## CONCLUSION

For the forgoing reasons, in accordance with the governing practice in this jurisdiction, the government respectfully requests that this Court deny Defendant's motion for a pretrial determination on the admissibility of alleged co-conspirator statements.  At trial, the Court should admit co-conspirator statements conditionally and subject to connection at the close of the government's case.

<div style="margin-left:50%">

Respectfully Submitted,
ARTHUR G. WYATT, Chief
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice

By:   */s/ Charles Miracle*
Charles Miracle
Trial Attorney
Narcotic and Dangerous Drug Section
U.S. Department of Justice
Washington, D.C. 20530
Tel.:     (202) 616-0712
Email:   Charles.Miracle@usdoj.gov

By:   */s/ Kelly Lake*
Kelly Lake
Trial Attorney
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
145 N Street, NE, Suite 2E.300
Washington, D.C. 20530
Tel.:     (202) 305-9283
Email:   Kelly.Lake2@usdoj.gov

</div>

## CERTIFICATE OF SERVICE

  I hereby certify that a true copy of the foregoing Government's Response to Defendant's motion for a pretrial determination on the admissibility of alleged co-conspirator statements was filed with the Clerk of the Court via CM/ECF system which will deliver a Notice of Electronic Filing on all counsel of record on this 15th day of January, 2016.

         By: */s/ Charles Miracle*
         Charles Miracle
         Trial Attorney
         Narcotic and Dangerous Drug Section
         U.S. Department of Justice
         Washington, D.C. 20530
         Tel.: (202) 616-0712
         Email: Charles.Miracle@usdoj.gov

         By: */s/ Kelly Lake*
         Kelly Lake
         Trial Attorney
         Narcotic and Dangerous Drug Section
         Criminal Division
         U.S. Department of Justice
         145 N Street, NE, Suite 2E.300
         Washington, D.C. 20530
         Tel.: (202) 305-9283
         Email: Kelly.Lake2@usdoj.gov